UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTOINE WOODS (D-2), and
AUSTIN WOODS (D-3),

    Defendants.

_____/

Case No. 17-20022

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT AUSTIN WOODS'
MOTION FOR COMPASSIONATE RELEASE [303] AND DENYING
DEFENDANT ANTOINE WOODS' MOTION TO REDUCE SENTENCE [306]**

Defendants are in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Milan. The matter comes before the Court on Defendant Austin Woods' pro se motion for compassionate release, (dkts. 303, 304), and Defendant Antoine Woods' pro se motion to reduce sentence, (dkt. 306). Both Defendants seek their release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes these motions. (Dkts. 309, 311.) The Court finds that the facts and legal arguments are adequately presented in the motion and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendants' motions will be decided without a hearing. For the reasons stated below, the Court DENIES Defendants' motions.

    **I.    Background**

In August of 2018, Defendants Antoine Woods and Austin Woods were charged in a second superseding indictment with various racketeering and firearms offenses.

1

(Dkt. 126.) Defendant Antoine Woods was also charged with two obstruction of justice offenses. The racketeering and firearms charges stemmed from a murder conspiracy and four separate shootings in late 2015 and early 2016 committed by members of the Detroit street gang, "Head Niggas in Charge" or "HNIC," aimed at a rival and members of his family. The obstruction of justice charges were a result of Antoine Woods' efforts to influence and/or prevent the testimony of a fellow HNIC member.

On June 21, 2019, following a lengthy jury trial that began on May 14, 2019, the jury found Defendant Antoine Woods guilty of 9 of the 15 counts in which he was charged and Defendant Austin Woods guilty of 2 of the 5 counts in which he was charged. (Dkts. 212, 214.) More specifically, both Defendants Antoine and Austin Woods were found guilty of conspiring to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5). Defendant Antoine Woods was also found guilty of all the counts related to two of the four charged shootings. These counts include attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) and Mich. Comp. Laws § 750.83; assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3) and Mich. Comp. Laws § 750.82; and using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Defendant Austin Woods was also found guilty of the § 924(c) charge related to one of the shootings. Finally, Defendant Antoine Woods was found guilty of both obstruction of justice charges, including conspiracy to commit obstruction of justice in violation of 18 U.S.C. §§ 371, 1503 and obstruction of justice in violation of 18 U.S.C. § 1503.

Both Defendants filed motions for a judgment of acquittal and/or a new trial. The Court denied those motions in a written order on March 2, 2020, (dkt. 291), and sentenced Defendants to lengthy periods of imprisonment the next day, (dkts. 294, 298). More specifically, the Court imposed a sentence of 384 months of imprisonment on Defendant Antoine Woods and a sentence of 168 months of imprisonment on Defendant Austin Woods. Judgments were entered a few days later. Defendants subsequently filed a notice of appeal with the Sixth Circuit Court of Appeals. (Dkts. 292, 296.) Their appeals remain pending. Defendants now move for their release due to the health concerns associated with the COVID-19 pandemic.

## II.  Analysis

As a preliminary matter, the government argues that due to Defendants' pending appeals, the Court lacks jurisdiction to grant Defendants the relief they seek. The government also urges the Court to deny Defendants' motions on the merits.

### A. Jurisdiction

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citation omitted); *see also United States v. Carman*, 933 F.3d 614, 615 (6th Cir. 2019). Thus, the Court may not "'alter the status of the case as it rests before the Court of Appeals.'" *See United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013) (quoting *Dayton Indep. Sch. Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)).

Here, each Defendant filed a notice of appeal with the Sixth Circuit challenging his sentence. Thus, the Court does not have jurisdiction to reduce those sentences or grant Defendants' requests for compassionate release at this time. *See, e.g.*, *United States v. Martin*, No. 18-CR-834-7, 2020 U.S. Dist. LEXIS 63451, at *4 (S.D.N.Y. Apr. 10, 2020) (finding the same). Under Federal Rule of Criminal Procedure 37(a), however, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Court will therefore consider Defendants' motions on the merits to decide which course of action it will take under Rule 37(a).

### B. Denial on the Merits

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)  extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

4

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

First, there is no evidence that Defendants submitted requests for compassionate release to the Warden, let alone exhausted their administrative remedies.[1]  Nor do Defendants claim to have done so.  The Sixth Circuit has held that the exhaustion requirement is mandatory and, thus, "must be enforced" when "properly invoked."  *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (internal quotation marks and citation omitted).  Because the government has objected to Defendants' failure to exhaust, Defendants' motions should be denied on this basis alone.  But even if Defendants had exhausted their administrative remedies, they would not be entitled to the relief they seek.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release:  (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision.  *See* U.S.S.G. § 1B1.13, commentary n.1.  The medical condition category includes cases where "[t]he defendant is—(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  § 1B1.13, commentary n.1(A)(ii).

---

[1] The government states that it has confirmed, through BOP counsel, that Defendants have not submitted any request for a reduction in sentence to the BOP.

Defendant Antoine Woods is 32 years old. And while he claims to have a "history of respatory [sic] illness," he has presented no evidence of this alleged medical condition. Moreover, as the government notes, a review of his pre-sentence report does not reveal any mention of respiratory illness. Thus, there are no extraordinary or compelling reasons that would warrant his release.

Defendant Austin Woods is 34 years old. He notes that he has had two heart surgeries, has a mitral valve in his heart, and takes a blood thinning medication named Coumadin. But he too has not presented any evidence of the severity of his medical condition. While his pre-sentence report does reflect his cardiovascular issues, it otherwise indicates that he is relatively healthy. Moreover, it is unclear whether this type of cardiovascular condition places him at a higher risk of severe illness if he contracts COVID-19. *See* People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited July 22, 2020) (stating that having heart failure, coronary artery disease, cardiomyopathies, and pulmonary hypertension "increases your risk of severe illness from COVID-19," while having other cardiovascular disease "*may* increase your risk of severe illness from COVID-19") (emphasis added). Thus, Defendant Austin Woods has not met his burden of establishing that his health concerns, even in the context of the COVID-19 pandemic, constitute extraordinary and compelling reasons under § 3582(c)(1)(A). And even if Defendants could meet this burden, they do not qualify for compassionate release.

Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others

or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Also, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. See § 3582(c)(1)(A). These sentencing factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. See § 3553(a).

The Court agrees with the government that Defendants have not established that their release will not pose a danger to others. Moreover, the Court found that a weighing of the § 3553(a) factors warranted their respective terms of imprisonment just a few months ago. The COVID-19 pandemic does not alter the weighing of the relevant factors in any significant way. Defendants were convicted of serious offenses, including conspiring to commit murder, and have not yet served a significant term of imprisonment. In sum, the Court denies Defendants' requests for compassionate release.

### III.    Conclusion

For the foregoing reasons, Defendants' motions for relief pursuant to § 3582(c)(1)(A) are DENIED.

SO ORDERED.

>                    s/Nancy G. Edmunds
>                    Nancy G. Edmunds
>                    United States District Judge

Dated: July 22, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2020, by electronic and/or ordinary mail.

                                          s/Lisa Bartlett
                                          Case Manager